UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE,
ROOM 417
NEWARK, NJ 07102
973-297-4851

January 30, 2018

VIA ECF

## LETTER OPINION AND ORDER

Re:  Leslie Krok-Parrinello v. Nancy A. Berryhill, Acting Commissioner of Social Security
Civil Action No. 17-853 (JMV)

Dear Litigants:

Plaintiff Leslie Krok-Parrinello ("Plaintiff") appeals the final decision of the Commissioner of Social Security ("Commissioner"), which denied her application for disability insurance benefits ("DIB"). The Commissioner asks that the Court remand the matter. Plaintiff does not object to the remand, but requests that, among other things, the Court order the Commissioner to conduct another hearing on remand. For the reasons that follow, the Court grants the Commissioner's motion.

Pursuant to the Social Security Act, Plaintiff filed a Title II application for DIB on May 9, 2013. Plaintiff alleged disability beginning July 1, 2003. Tr. at 13.[1] Plaintiff's date of last insured was December 31, 2008, meaning Plaintiff had to prove that she was disabled on or before that date. *Id.* On April 23, 2015, the Administrative Law Judge ("ALJ") held a hearing. *Id.* at 34. Plaintiff was represented by counsel (although not the same counsel who currently represents Plaintiff) at the hearing. At the hearing, Plaintiff testified, as did a vocational expert. *Id.* at 38-71. Although the ALJ asked Plaintiff's counsel if she (counsel) wished to question the expert, counsel declined. *Id.* at 72.

Following a hearing, the ALJ denied Plaintiff's claim in a written decision dated on June 19, 2015. *Id.* at 13-19. The ALJ found that Plaintiff could perform her past relevant work. *Id.* at 18-19. Plaintiff appealed the decision to the Appeals Council of the Social Security

---

[1] The administrative record is found at D.E. 9. For convenience of the parties, the Court refers to the actual transcript ("Tr.") pagination.

Administration, but the Appeals Council denied review. *Id.* at 1-3. As a result, the ALJ's opinion became the final decision of the Commissioner for purposes of appeal. Plaintiff then sought review in this Court.

By way of letter dated November 22, 2017, D.E. 16, Plaintiff's current counsel requested that the Commissioner consider a voluntary remand and provided the reasons for the request. While the Commissioner agreed to remand the matter, the parties could not agree as to the scope of the remand. The Commissioner offers a remand in which the Commissioner, by way of the Appeals Council, would instruct the ALJ "to further evaluate Plaintiff's claim, including further evaluation of the Commissioner's listed impairments." D.E. 17 at 1. In addition, the ALJ "will be instructed to take any further action necessary to complete the administrative record, including holding a new hearing if warranted by the facts, and issue a new decision concerning Plaintiff's claim for disability benefits." *Id.* Thus, pursuant to the Commissioner's request, Plaintiff *may* receive a new hearing.

While agreeing that remand is appropriate, Plaintiff urges the Court to order a new hearing. D.E. 18. In addition to unnecessary pejorative descriptions (for example, the "disastrous nature of the administrative decision" and "the decision is indefensible"), Plaintiff argues that a new hearing is required because the vocational expert's testimony at the initial hearing "was never subjected to cross[-]examination by plaintiff's former attorney." *Id.* at 2. Plaintiff would also like to testify and call her treating physician at a new hearing. *Id.*

Plaintiff also points to other numerous, alleged errors in the ALJ's decision. *Id.* at 1-2. As a result, Plaintiff asks that on remand the following occur: (1) reconsideration of certain conditions that Plaintiff has, (2) a comparison of each severe impairment, alone and in combination; (3) reconsideration of the treating physician's residual functional capacity ("RFC") finding; and (4) a function-by-function comparison between Plaintiff's RFC and her past work. *Id.* at 2.

42 U.S.C. § 405(g) provides in part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . . Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides[.] . . . *The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.* The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence[.] . . . *The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a*

> *showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding*[.] . . . The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. . . .

(Emphases added). *See also Powell v. Chater*, 959 F. Supp. 1238, 1246 (N.D. Cal. 1997); *Macchiera v. Shalala*, 892 F. Supp. 427, 432 (N.D.N.Y. 1995).

As noted, this matter concerns the scope of the remand order, as both parties agree that a remand is appropriate. Thus, the common issues on appeal in a Social Security Disability case are not present.[2] The Court denies Plaintiff's request for a mandatory new hearing for the following reasons. Many of Plaintiff's requests can be performed by a review of the record. Plaintiff's request for reconsideration of certain conditions, a comparison of each severe impairment, reconsideration of the treating physician's residual functional capacity ("RFC") finding, and a function-by-function comparison can all be done by reviewing the relevant evidence in the record. Moreover, while Plaintiff requests an opportunity to testify at a new hearing and to call her treating physician, Plaintiff did testify at length during her initial hearing. And Plaintiff has failed to indicate what additional testimony she would provide on remand. As noted, Plaintiff has to prove that she was disabled by December 31, 2008, so her testimony in 2015 should have encompassed the necessary time frame. Likewise, Plaintiff has failed to explain the substance or necessity of her treating physician's testimony.

In addition, Plaintiff was represented by counsel during her initial proceedings. While Plaintiff now points out that her first attorney did not cross-examine the vocational expert, Plaintiff again fails to indicate the actual questioning that should have been performed. Finally, the Court is not precluding a new hearing on remand; instead the Court is not mandating one. Given Plaintiff's failure to explain with any specificity as to why a new hearing is warranted, the Court determines that the decision is best left to the discretion of the ALJ. Plaintiff's counsel will have an opportunity to convince the ALJ as to the necessity of a new hearing.

For the foregoing reasons, and for good cause shown,

---

[2] Usually, the issue on appeal is whether the Commissioner decision was supported by substantial evidence although purely legal issues are subject to plenary review. *Matthews v. Apfel*, 239 F.3d 589, 591 (3d Cir. 2001). An ALJ's findings, including credibility determinations, must be upheld if they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation marks omitted). Such evidence is less than a preponderance but more than a mere scintilla. *Id.* The Court reviews the record as a whole to determine whether an ALJ's finding is supported by substantial evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted). In this matter, both parties appear to agree that the ALJ did not conduct the necessary analysis and/or consider the relevant evidence when rendering her decision.

It is on this 30th day of January, 2018, hereby

**ORDERED** that the Commissioner's final decision is **REVERSED and REMANDED**; and it further

**ORDERED** that on remand, the Commissioner shall further evaluate Plaintiff's claim, including

1. further evaluation in light of the Commissioner's listed impairments;

2. taking any further action necessary to complete the administrative record, including holding a new hearing if warranted; and

3. issuing a new decision concerning Plaintiff's claim for disability benefits; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

                                                      _s/ John Michael Vazquez_
                                                      **JOHN MICHAEL VAZQUEZ**
                                                      UNITED STATES DISTRICT JUDGE